UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LAMAR A. MCVAY, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:14CV190 ACL |
| CARUTHERSVILLE SHERIFF'S DEPT., | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Lamar A. McVay, an inmate at Pemiscot County Jail, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $17.25. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $86.25, and an average monthly balance of $2.13. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $17.25, which is 20 percent of plaintiff's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff, an inmate at Pemiscot County Jail, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as the sole defendant in this action is the "Caruthersville Sheriff's Department."

In his "Statement of Claim," plaintiff alleges broadly that defendant has a "lack of proper medical treatment," and he complains that inmates are charged for medical care and for medications at the Pemiscot County Jail. He also claims in a conclusory manner that inmates are "not being fed 2000 calories each meal."

Plaintiff states that he has not been provided "adequate access" to the law library, and he states he believes this is so because he is being represented by a public defender. He also states it is "cruel and unusual punishment" that he is charged for medical treatment and toilet paper/razors.

Plaintiff seeks monetary damages from the Jail and Sheriff's Department for the alleged unlawful treatment he has suffered.

**Discussion**

Plaintiff's claim against the Caruthersville Sheriff's Department, and even the Pemiscot County Jail, are legally frivolous because these entities are not suable entities under § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

Moreover, plaintiff has not stated a violation of his First Amendment right of access to the courts, as he has not stated that he has suffered an actual injury to pending or contemplated legal claims. *See Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996).

Additionally, plaintiff's assertions that inmates are charged for such things as medical care and hygiene items is not, by itself, an unconstitutional practice. It is true that the Eighth Amendment requires that "humane conditions of confinement" be provided by prison officials, *see Farmer v. Brennan,* 511 U.S. 825, 832 (1994), and such requirements "include[s] provision for basic hygiene." *Whittington v. Ortiz,* 307 Fed. Appx. 179, 186 (10th Cir. Jan. 13, 2009) (unpublished op.) (citing *Penrod v. Zavaras,* 94 F.3d 1399, 1406 (10th Cir.1996)). However,

plaintiff cannot state a claim for relief for "having to pay for hygiene items or medical care" because he has not asserted that he cannot pay for his own care. Plaintiff has not even alleged that by using his account funds to pay for such care, his access to courts or some other constitutional requirements have been interfered with.

Last, plaintiff's conclusory allegations about the "lack of proper medical treatment" at the Jail and the "lack of a 2000 calorie diet" are simply too broadly worded to state a claim for relief. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $17.25 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 23rd day of January, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE